IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN T. BAILEY

*Plaintiff*,

v.

Civil Action No. ELH-16-2243

BANK OF AMERICA, *et al.*

*Defendants*.

**MEMORANDUM OPINION**

The self-represented plaintiff, John T. Bailey, filed suit against Bank of America ("BOA") and Seterus, Inc. ("Seterus"), a specialty loan servicing company. ECF 1. Bailey subsequently supplemented his Complaint. *See* ECF 3; ECF 4; ECF 6.

The precise nature of plaintiff's claim is unclear. As best as can be discerned, plaintiff applied for a home equity loan or second mortgage (possibly from Seterus) with respect to his home "of 48 years." ECF 3 at 3. He was allegedly promised review and resolution within three weeks. *Id.* at 1. Instead, the loan took eight weeks to process and, in the end, plaintiff was denied the credit for which he had applied. ECF 3 at 6. As a result, plaintiff asserts that he lost a $1,500 deposit on a Caribbean cruise (ECF 3 at 1; ECF 4 at 2; ECF 6 at 1); is behind on several bills, resulting in calls from debt collection services (ECF 3 at 5-6); and his home may fall into foreclosure. ECF 3 at 3-4; ECF 6 at 1-2.

The case was designated as a foreclosure action. But, given the liberal construction afforded to submissions of a pro se litigant, the case may pertain to alleged civil rights violations, because plaintiff describes himself as "a black, elderly man . . . ." ECF 3 at 1. In addition,

plaintiff may be seeking to allege unfair debt collection practices and/or claims of improper banking practices.

On November 17, 2016, Bank of America, N.A. ("BANA")[1] filed a motion to dismiss (ECF 18), pursuant to Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(b)(6), supported by a memorandum of law (ECF 18-1) (collectively, "Motion to Dismiss," or "Motion"), and two exhibits. ECF 18-2; ECF 18-3.[2] A Rule 12/56 letter was mailed to Bailey on the same date (ECF 19), advising him of the filing of the dispositive motion and that failure to timely respond may result in the entry of judgment against him or dismissal of the case. The letter also notified Bailey of his right to file a response within seventeen days. *Id.*

On November 22, 2017, the clerk docketed correspondence from plaintiff dated November 18, 2016. ECF 20. The handwritten letter is difficult to decipher.

According to the docket, Seterus has never been served with the suit. *See* Docket. On October 13, 2016, the Court wrote to Mr. Bailey, advising him of his obligations under Fed. R. Civ. P. 4(m) and informing him of the identity of the resident agent for Seterus. ECF 12. Because Seterus has yet to be served, I shall dismiss the Complaint as to Seterus, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8.

---

[1] The bank states that it "is unaware of any entity by this name [*i.e.*, Bank of America], and assumes the Plaintiffs [sic] intended to name 'Bank of America, N.A.'" ("BANA"). ECF 18 at 1, n. 1.

From a lay person's perspective, the name Bank of America is quite similar to the name Bank of America, N.A. And, it is not uncommon for members of the public to refer to the corporate entity as "BOA." I shall generally refer to the abbreviation of "BOA," unless I am using a quotation or referencing an assertion by the bank.

[2] BANA "responds in its own capacity and as successor by April 27, 2009 de jure merger with Countrywide Bank, FSB. [BANA] further responds in its own capacity and as successor by July 1, 2011 de jure merger with BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, LP. Countrywide Home Loans Servicing, LP changed its name to BAC Home Loans Servicing, LP, effective April 27, 2009." *Id.*

No hearing is necessary to resolve the Motion.  *See* Local Rule 105.6.  For the reasons that follow, I shall grant the Motion to Dismiss.

## I.  Factual Background[3]

As noted, plaintiff applied for a home equity loan with BOA, possibly through Seterus. ECF 3 at 1; ECF 6 at 1.  The loan took eight weeks to process, instead of the three weeks that plaintiff claims he was promised.  And, in the end, plaintiff was denied the credit for which he had applied. ECF 3 at 6; ECF 6 at 1. Plaintiff attributes the delay to his primary mortgagor, BOA, based on the lengthy period BOA took to report to Seterus the amount of his monthly homeowners' insurance and a BOA error listing his "highest creditor" for a 2014 Chevy Malibu.[4] ECF 3 at 2; *see also id.* at 6-7.  As a result, Bailey allegedly lost a $1,500 deposit on a Caribbean cruise (*id.* at 1), and is behind on several bills, resulting in calls from debt collection services. *Id.* at 5-6.

In addition, BOA allegedly changed the date on which plaintiff's mortgage payment is deducted from his bank account, from the third to the first of each month. *Id.* at 7. Because plaintiff's sole income comes from Social Security payments made on the third of each month, plaintiff was charged "hundreds of dollars in overdraft fees." *Id.* at 6-7.  It also appears that

---

[3] Unless otherwise noted, the facts are derived from the Complaint and the supplements. Based on the procedural posture of the case, I must assume the truth of any well-pleaded factual allegations.  *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).  In addition, because the plaintiff is self-represented, his pleadings must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

[4] Plaintiff and his adult daughter are allegedly sharing payment for a 2014 Chevy Malibu that was purchased to replace an older vehicle damaged in an accident. ECF 3 at 2-3, 5. Apparently, the 2014 Malibu was also damaged in an accident. ECF 3 at 5.

plaintiff is behind in his primary mortgage payments due and owing to BOA, and his home may fall into foreclosure. *Id.* at 3-4; ECF 6 at 1-2.

BOA maintains that it "is aware of only one loan on the property at issue. Specifically, on September 22, 2005, Plaintiff and his now deceased wife, Louise C. Bailey, obtained a loan in favor of [BOA] in the amount of $56,295.00…and executed a Deed of Trust securing the Loan with the property located at 2509 Keyworth Ave., Baltimore, MD 21215…The Deed of Trust was assigned to the Federal National Mortgage Association ('Fannie Mae') on or about April 15, 2016.[]" ECF 18-1 at 2-3; *see also* ECF 18-2 (Deed of Trust, recorded on October 14, 2005 in the land records for Baltimore City, Maryland at Book 6832, Page 684);[5] ECF 18-3 (Assignment to Fannie Mae, which was recorded on April 25, 2016, in the land records for Baltimore City, Maryland at Book 18060, Page 453). According to BOA, "[n]o foreclosure case has been filed or is pending related to this Property or this Loan.[]" ECF 318-1 at 3.

## II. Procedural Background

On June 15, 2016, plaintiff filed the Complaint, which consisted of a one-page Fed. R. Civ. P. 11 certification. ECF 1. The Clerk advised Bailey by telephone that he must send a completed complaint. *See* Docket. Then, on June 16, 2016, plaintiff filed a supplement to the Complaint (ECF 3, the "First Supplement"), which consisted of the following: 1) a letter dated September 29, 2015, from Bailey to BOA; 2) a letter dated October 23, 2015, from Bailey to the claims department of the "Mid-Atlantic Program Service Center"; 2) a letter dated November 3, 2015, from Bailey to "Creditor"; and 4) a letter dated December 4, 2015, from Bailey to BOA. ECF 3.

---

[5] As discussed, *infra*, in the context of a motion to dismiss, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

The Clerk informed Bailey on June 16, 2016, that the First Supplement (ECF 3) was not a complaint. *See* Docket. Plaintiff filed his second supplement on June 21, 2016 (ECF 4, the "Second Supplement"), which appears to be a motion. It is unclear, however, what Bailey is requesting from the Court. *Id.* The Second Supplement states that Bailey seeks a "just settlement" of this case. *Id.* at 2. It includes a letter to Bailey dated August 25, 2015, from the National Museum of African American History and Culture, asking Bailey to accept an invitation to become a Charter Member of the Museum by making a donation. *Id.* at 3. Further, the Second Supplement includes a certificate from WJZ-13, a television station in Baltimore, stating that WJZ-13 "salutes" Bailey as a "Hometown Hero." *Id.* at 4.

By Order of June 22, 2016 (ECF 5), I granted Bailey's motion to proceed in forma pauperis (ECF 2) and asked Bailey to supplement and clarify his Complaint. In particular, he was directed to supplement the Complaint by answering the following questions, *id.* at 2:

1.    Whether he has a primary mortgage on his property, and if so, with whom;

2.    Whether he is behind in that mortgage, whether the mortgagor has filed a foreclosure action against him, and if so, the status of those proceedings;

3.    Whether he has an equity mortgage or second mortgage on his property and if so, with whom; whether he is behind in that mortgage; and whether that mortgagor has filed a foreclosure action against him; and

4.    What role does Seterus play in this case, *i.e.*, what has that company done to cause him harm?

In response to the Order, plaintiff filed his third supplement on July 5, 2016 (ECF 6, the "Third Supplement"), supported by an exhibit (ECF 6-1), in which he alleges that the mortgage at issue is a second equity mortgage and that BOA is the entity that "employed" Seterus to review the mortgage application. ECF 6 at 1. However, plaintiff failed to "write out answers to each" of the questions set forth in ECF 5, as directed in the Order. *Id.* at 2. The exhibits

attached to the Third Supplement do not contain information relevant to the suit and consist, in part, of letters written to Bailey by politicians, including one written by former Vice President Al Gore, thanking Bailey for sending a CD to him.  *See* ECF 6-1 at 5.

By Order of July 11, 2016 (ECF 7), I allowed the suit to proceed but said, *id.* at 1: "Despite supplementation of the complaint, the precise nature of plaintiff's claims is unclear."  I noted, *id.* at 2: "Plaintiff's case has been instituted as a foreclosure proceeding. Despite this designation, given liberal construction, the case may also contain claims of unfair debt collection practices and/or claims of improper banking practices."  In order for the United States Marshal to effect service of process on defendants, I directed plaintiff to complete U.S. Marshal service of process forms for each defendant.  *Id.* at 3.

Bailey returned the requisite forms and the U.S. Marshal attempted to serve defendants by mail at the addresses he provided.  ECF 8.

On August 25, 2016, the Clerk docketed correspondence dated August 22, 2016 (ECF 10), which appears to be a letter from Bailey to then Baltimore City Mayor Stephanie Rawlings Blake. In the letter, Bailey complains about an account he opened up for his thirteen grandchildren and a payment that was "left in limbo".  *Id.* at 1. He then asks then Mayor to provide a payment plan for his City and State taxes, and to contact Al Gore to obtain a copy of a CD that Bailey provided to Al Gore. *Id.* at 2.

On August 12, 2016, a summons return was executed, evidencing service on BOA on August 8, 2016.  ECF 9. On September 29, 2016, the Clerk docketed a summons return as unexecuted with respect to Seterus.  *See* ECF 11.  Because it did not appear that service on Seterus was obtained at the address provided by Bailey, by Order of October 13, 2016 (ECF 12), I directed Bailey to provide another U.S. Marshal service of process form for Seterus, due by

October 24, 2016. *Id.* at 2. I also provided Bailey with the address for the resident agent for Seterus. *Id.* Alternatively, I directed Bailey to "show cause as to why the claims against Seterus should not be dismissed, without prejudice, under Fed. R. Civ. P. 4(m) and Local Rule 103.8 for failure to effect service of process." *Id.* at 2.[6] Bailey never responded to my Order to show cause. *See* Docket.

By Order of November 14, 2016 (ECF 17), I reminded Bailey that "Seterus has never been served with the suit, according to the Docket." In handwritten correspondence dated November 18, 2016 (ECF 20), Bailey appears to relate that his mortgage counselor, Stephanie Wilson, quit working on his loan application after he attempted to serve Seterus with the Complaint. *Id.* Bailey provided no explanation for his failure to serve Seterus.

### III. Standard of Review

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *Goines v. Valley Cmty, Servs, Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, ___ U.S. ____, 133 S. Ct. 1709 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

---

[6] In the same Order (ECF 12), I noted that BOA had not yet filed any responsive pleading to the Complaint. I said, *id.* at 1: "Given BANA's history of timely appearance, there is a question as to whether service was accomplished." As a courtesy, I sent a copy of the memorandum to attorneys representing BOA in this Court in unrelated cases. *Id.* at 2. Thereafter, on October 18, 2016, counsel for BOA filed a consent motion for an extension of time to respond to the Complaint (ECF 14), in which BOA indicated that it only learned of this suit upon receipt of the Order of October 13, 2016. *Id.* at 1. By Order of October 18, 2016 (ECF 15), I granted BOA's consent motion.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ____, 135 S. Ct. 346, 346 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 705 (4th Cir. 2016); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, ___ U.S. ____, 132 S. Ct. 1960 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The purpose of the rule is to ensure that defendants are "given adequate notice of the nature of a claim" made against them. *Twombly*, 550 U.S. at 555–56 (2007). But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also U.S. ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 148 (4th Cir. 2014). However, because Rule 12(b)(6) "is intended [only] to test the legal

adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman* ).

Under limited exceptions, a court may consider documents outside the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). Of import here, "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Id.*; *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming, Inc.,* 637 F.3d 462, 466 (4th Cir. 2011), *cert. denied,* 565 U.S. 825 (2011); *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Pursuant to Fed. R. Evid. 201, a court may take judicial notice of adjudicative facts if they are "not subject to reasonable dispute," in that they are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

**IV. Discussion**

**A.**

Fed. R. Civ. P. 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." If a defendant is not served within that time, "the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Under Rule 4(m), "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

If a plaintiff "has not effected service of process within ninety (90) days" of filing the complaint, Local Rule 103.8 provides that "the Court may enter an order asking the party to show cause why the claim should not be dismissed." Local Rule 103.8 also states that "the claim shall be dismissed without prejudice" if the plaintiff "fails to show cause within" a "time set by the Court."

Rule 4(m) was enacted in 1993 as a successor to former Rule 4(j), which required that a case "'shall be dismissed'" if the defendant was not served within 120 days and the plaintiff "'cannot show good cause why such service was not made within that period.'" *Chen v. Mayor & City Council of Baltimore*, 292 F.R.D. 288, 292 n.6 (D. Md. 2013) (quoting Fed. R. Civ. P. 4(j) (1988)), *aff'd*, 546 Fed. Appx. 187, 188 (4th Cir. Nov. 12, 2013) (per curiam), *cert. granted*, 35 S. Ct. 475 (2014), *cert. dismissed*, 135 S. Ct. 939 (2015), *reh'g denied*, 135 S. Ct. 1485 (2015). Effective December 1, 2015, the time was reduced to 90 days.

In *Mendez v. Elliott,* 45 F.3d 75, 78 (4th Cir. 1995), the Fourth Circuit opined that the new Rule 4(m) represented a "renumber[ing]" of former Rule 4(j), "without a change in substance," and requires that if the complaint is not served within the time provided, "the complaint must be dismissed absent a showing of good cause." *Id.* at 78. The *Mendez* Court did not discuss the Advisory Committee Notes to Rule 4(m), which state that the rule "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.*'" *Hammad,* 31 F. Supp. 2d at 527 (quoting Advisory Committee Notes) (emphasis altered).

Subsequent to *Mendez*, the Supreme Court decided *Henderson v. United States*, 517 U.S. 654 (1996). In dicta, the Supreme Court stated that, under Rule 4(m), "courts have been

accorded discretion to enlarge the [service] period even if there is no good cause shown.'" *Id.* at 662 (quoting Advisory Committee Notes to Rule 4(m)); *see Henderson,* 517 U.S. at 658 n. 5.

Several decisions in this district have observed that it is unclear whether Rule 4(m) vests a court with discretion to grant an extension of the service deadline, in the absence of good cause. *See, e.g.*, *Lehner v. CVS Pharmacy*, RWT-08-1170, 2010 WL 610755, at *2 (D. Md. Feb. 17, 2010); *Knott v. Atlantic Bingo Supply, Inc.*, JFM-05-1747, 2005 WL 3593743 (D. Md. Dec. 22, 2005); *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005); *Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288 (D. Md. 2002); *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 526 (D. Md. 1999), *abrogated by Chen*, 292 F.R.D. 288; *United States v. Britt*, 170 F.R.D. 8 (D. Md. 1996).

Some regard *Mendez* as binding circuit precedent, *see, e.g.*, *Britt*, 170 F.R.D. at 9, while others have concluded that "*Mendez* is no longer good law." *Hammad*, 31 F. Supp. 2d at 527; *see also Melton*, 211 F.R.D. at 289–90. Others have found it unnecessary to resolve definitively whether a finding of good cause is mandatory before an extension can be granted. *See, e.g.*, *Lehner*, 2010 WL 610755, at *2; *Knott*, 2005 WL 3593743, at *1 n.1. Nevertheless, even if good cause is no longer an absolute requirement under Rule 4(m), "the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule." *Hoffman*, 379 F. Supp. 2d at 786; *see also Lehner*, 2010 WL 610755, at *3 (observing that where plaintiff "made no effort to serve Defendant within the time allotted under Fed. R. Civ. P. 4(m)," even assuming that the court had discretion to excuse untimely filing, the court would "not make a mockery of the time requirements set forth in the Federal Rules of Civil Procedure").

More recently, the Fourth Circuit has clarified its view as to whether a district court has discretion to extend the Rule 4(m) deadline without good cause shown. In *Chen,* 546 F. App'x 187, the Fourth Circuit affirmed the district court's dismissal of claims for failure to effect service of process, "for the reasons stated by the district court." *Id.* at 188.

The defendants had moved to vacate the trial court's order extending the time to effect service of process. *Chen,* 292 F.R.D. at 290. They complained that the plaintiffs failed to demonstrate good cause. Chen argued that (1) he never received certain orders of the court; (2) he believed the U.S. Marshal's Office would make service on his behalf; (3) his claims would be time barred if the complaint were dismissed; (4) he worked diligently to pursue the action; and (5) the Clerk's office provided him with incorrect information. *Id.* at 294.

The district court found that "Mr. Chen's actions [spoke] louder than his words," and that the facts showed he had not diligently pursued his claims. *Id.* at 294–95. Moreover, it found that Chen's concerns as to limitations were not relevant to the good cause showing required by Rule 4(m). *Id.* at 295. Therefore, it concluded that it had no discretion under *Mendez, supra,* to extend the Rule 4(m) deadline, absent a showing of good cause. Further, the district court determined that Mr. Chen had not shown good cause. *Id.* at 295. Therefore, it granted the motion to vacate and dismissed the complaint. *Id.* at 290, 295. As noted, the Fourth Circuit affirmed. *Chen*, 546 F. App'x 187.

To show "good cause" for extension of the Rule 4(m) deadline, Bailey must show that he "made reasonable and diligent efforts to effect service prior to the [applicable time] limit...." *Chen,* 292 F.R.D. at 292 (quotation marks and citation omitted); *accord Knott,* 2005 WL 3593743, at *1. Mere self-representation is not a basis to establish good cause. *Chen* at 293–94. Indeed, where a plaintiff has failed to timely serve a defendant, courts have found good cause

lacking in a variety of compelling circumstances. *See, e.g., Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75 (D. Md. 2005) (holding that murder of a self-represented plaintiff's daughter did not constitute good cause to excuse failure to serve defendant within 120 days); *Knott*, 2005 WL 3593743, at *1–2 (holding that serious illness suffered by plaintiff's counsel, which confined him to "bed rest," did not constitute good cause for failure to serve defendant within 120 days).

Pursuant to Fed. R. Civ. P 4(m), Bailey was required to serve Seterus by September 13, 2016. As noted, after the Clerk docketed a summons return as unexecuted with respect to Seterus on September 29, 2016 (ECF 11), by Order of October 13, 2016 (ECF 12), I directed Bailey either to provide another U.S. marshal service of process form for Seterus, using the address that I provided to him for Seterus's resident agent, or show cause for his delay in effecting service. Bailey did not respond to the Court's Order. Therefore, he did not show any cause for the delay.

Moreover, even after I reminded Bailey on November 14, 2016, that Seterus had never been served (ECF 17), Bailey failed to provide any explanation for his failure to serve Seterus.[7] Accordingly, I shall dismiss plaintiff's Complaint as to Seterus, *without prejudice,* for failure to serve process upon Seterus in accordance with Fed. R. Civ. P. 4(m) and Local Rule 103.8.

**B.**

BOA has moved to dismiss the Complaint, with prejudice, pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6). ECF 18; ECF 18-1. It argues that, "despite numerous attempts," plaintiff's Complaint and supplements have not met the pleading requirements of Rule 8(c) and Rule12(b)(6) because they have "fail[ed] to put BANA on notice of the claims asserted against

---

[7] As noted, *supra*, in correspondence dated November 18, 2016 (ECF 20), Bailey appears to state that his mortgage counselor, Stephanie Wilson, quit working on his loan application after he attempted to serve Seterus with the Complaint. *Id.* Bailey provides no explanation for his failure to serve Seterus in this letter.

it."  ECF 18-1 at 2. BOA also states, *id.* at 5-6: "After a Complaint and four Supplements, and despite specific guidance from this Court, Plaintiff has still failed to articulate the substance of the dispute, the allegations made against BANA, or the relief sought for the alleged wrongdoing."

In particular, BOA contends, *id.* at 6-7 (alterations added):

[T]he Complaint fails to identify any claims, let alone specific factual matter that would support a claim.  BANA is left to sift through the multitude of Supplements to try to piece together something coherent, and even then, as this Court noted, [""]the precise nature of plaintiff's claims is unclear." (Doc. No. 7, p. 1.) Plaintiff apparently alleges there was a delay in being approved for an equity lien because BANA failed to submit timely proof of homeowner's insurance. It is unclear when this occurred, and BANA was unable to find any record of any other liens on the property in the record. He also alleges that BANA changed the automatic withdrawal of his payment from the third to the first. Again, Plaintiff fails to allege when this occurred. Plaintiff also fails to allege what common law or statutory claims he is asserting based on these allegations.

Moreover, BOA argues that, even if "claims could be gleaned from the Complaint and Supplements," ECF 318-1 at 8, the purported causes of action fail as a matter of law.  It contends, *id.*: "To the extent that Plaintiff is attempting to assert a claim for wrongful foreclosure, such claim is not ripe as no foreclosure has been filed and no sale has occurred or been ratified."

In addition, BOA maintains that any claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") also fails as a matter of law.  It states, *id.*:  "It is unclear exactly what actions Plaintiff contends violate the FDCPA or which defendant Plaintiff contends violated the FDCPA."  Further, BOA maintains that plaintiff has not alleged "the necessary elements of an FDCPA claim."  *Id.* It posits, *id.*: "[A]ny FDCPA claim against BANA fails because BANA is not a debt collector."  According to BOA, it does not qualify as a debt collector because it "was the original lender, and also the servicer up until recently." *Id.* at 9.

"When determining whether a complaint fails to comply with Rule 8(a), 'courts have looked to various factors, including the length and complexity of the complaint, *whether the complaint was clear enough to enable the defendant to know how to defend himself*, and whether the plaintiff was represented by counsel.'" *Rush v. Am. Home Mortg.*, Inc., No. CIV.A WMN-07-0854, 2009 WL 4728971, at *4 (D. Md. Dec. 3, 2009) (emphasis added) (quoting *North Carolina v. McGuirt*, 114 Fed. App'x. 555, 558 (4th Cir. 2004) (per curiam)). A court may properly dismiss a complaint under Rule 12(b)(6) for failure to comport with Rule 8(a) where "the complaint in its present form does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it." *McGuirt*, 114 F. App'x at 559.

In granting a motion to dismiss a complaint brought by a self-represented plaintiff pursuant, *inter alia*, to the FDCPA, Judge Bennett explained in *Jackson v. Experian Fin. Servs.*, RDB-13-1758, 2014 WL 794360, at *1 (D. Md. Feb. 26, 2014) (alterations in *Jackson*):

> As this Court has held, "'the proper length and level of clarity for a pleading cannot be defined with any great precision and is largely a matter for the discretion of the trial court.'" *Stone v. Warfield*, 184 F.R.D. 553, 555 (D. Md. 1999) (quoting *Charles A. Wright & Arthur R. Miller*, 5 Federal Practice & Procedure § 1217 (2d ed. 1990)). Although a pro se plaintiff is generally given more leeway than a party represented by counsel, this Court "has not hesitated to require even pro se litigants to state their claims in an understandable and efficient manner." *Id.* (citing *Anderson v. Univ. of Md. Sch. of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), aff'd, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990) (unpublished table decision)). To that end, a district court "is not obliged to ferret through a [c]omplaint, searching for viable claims." *Wynn–Bey v. Talley*, No. RWT–12–3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). Rather, a court "may dismiss a complaint that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (quoting *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

And, in *Green v. United States*, GLR-15-2026, 2016 WL 7338408 (D. Md. Dec. 19, 2016), Judge Russell dismissed the case, *sua sponte*, pursuant to 28 U.S.C. § 1915(e). There, the

self-represented plaintiff alleged that he had been improperly arrested. Judge Russell said, *id.* at

*1:

> The instant Complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate. Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981); see also *Spencer v. Hedges*, 838 F.2d 1210 (Table) (4th Cir. 1988). To comply with the rule, a Plaintiff must provide enough detail to illuminate the nature of the claim and allow Defendants to respond. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although district courts have a duty to construe self-represented pleadings liberally, Plaintiff must nevertheless allege facts that state a cause of action. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

As discussed, Bailey has been provided with numerous opportunities to supplement his

Complaint. *See* Docket. Yet, despite supplementation, "the precise nature of plaintiff's claim"

remains "unclear." ECF 7 at 1. As best as can be discerned, plaintiff was denied a home equity

mortgage on his home and it took eight weeks to turn down his loan request. Plaintiff attributes

the delay to his primary mortgagor, BOA, based on the length of time it took BOA to report to

Seterus the amount of his monthly homeowners' insurance and a BOA error in regard to his

creditors. ECF 3 at 1-2, 6-7. Plaintiff also contends that BOA changed the date on which

plaintiff's mortgage is automatically deducted from his bank account, from the third to the first

of each month, resulting in overdraft fees. *Id.* at 6-7.

However, the factual allegations contained in the Complaint and supplements are so

"confused, ambiguous, vague or otherwise unintelligible…" that I cannot be sure that I have

accurately characterized them. *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Moreover,

it is unclear from the Complaint and supplements when any of the actions about which Bailey

complains allegedly occurred. And, it remains uncertain what role Seterus has played in this

case or which claims are brought against which defendant.  Plaintiff also wholly fails to allege what common law or statutory claims he is asserting based on his allegations.

As noted, a district court "is not obliged to ferret through a Complaint, searching for viable claims." *Wynn–Bey v. Talley,* No. RWT–12–3121, 2012 WL 5986967, at *2 (D. Md. Nov. 28, 2012). In my view, the Complaint and supplements place an "'unjustifiable'" burden on the Court and the defendant to determine the nature of the claim and "'to speculate on what [the] defenses might be' and impose[] a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Rule 8 appropriate." *Green*, 2016 WL 7338408, at *1 (citation omitted).  As in *McGuirt*, 114 Fed. App'x. 555, dismissal under Rule 12(b)(6) for failure to comport with Rule 8(a) is appropriate here because "the complaint…does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it." *Id.* at 559.

Alternatively, even if the Complaint and supplements can be construed to assert a wrongful foreclosure claim and/or a claim for violations of the FDCPA, these claims fail as a matter of law.

As to foreclosure, BOA contends that any claim for wrongful foreclosure "is not ripe as no foreclosure has been filed and no sale has occurred or been ratified."  ECF 18-1 at 8.  The doctrine of ripeness "'concerns the appropriate timing of judicial intervention.'" *Cooksey v. Futrell,* 721 F.3d 226, 240 (4th Cir. 2013) (quoting *Va. Soc'y for Human Life, Inc. v. FEC,* 263 F.3d 379, 389 (4th Cir. 2001)). The ripeness doctrine, which overlaps with standing, is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction...." *Nat'l Park Hospitality Ass'n v. Dep't of Interior,* 538 U.S. 803, 808 (2003) (internal quotations omitted).

Generally speaking, "[a] case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Doe v. Virginia Dep't of State Police,* 713 F.3d 745, 758 (4th Cir. 2013) (internal quotation marks omitted); *see L-3 Commc'ns Corp. v. Serco, Inc.*, __ Fed. App'x___, No. 15-2385, 2016 WL 7232118, at *5 (4th Cir. Dec. 14, 2016) (per curiam) (same).  On the other hand, a claim "should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact remains wholly speculative." *Kobe v. Haley*, 666 F. App'x 281, 294 (4th Cir. 2016) (per curiam) (quoting *Doe*, 713 F.3d at 758).

I agree that, based on the allegations, a claim of wrongful foreclosure is not ripe.  This is because no foreclosure action has been filed.  S*ee Doe,* 713 F.3d at 758 (explaining that a claim "should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact remains wholly speculative") (internal quotation marks omitted).

In addition, Bailey fails to state a claim under the FDPCA.  Congress enacted the FDCPA in 1977 (*see* Pub. L. 95–109, 91 Stat. 874 (1977)) to protect consumers from debt collectors who engage in "abusive, deceptive, and unfair debt collection practices," to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010); *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 135 (4th Cir. 1996). The statute is concerned with "rights for consumers whose debts are placed in the hands of professional debt collectors . . . ." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001); *see also Ruth v. Triumph Partnerships*, 577 F.3d 790, 797 (7th Cir. 2009).

"A significant purpose of the Act" is the elimination of "abusive practices by debt collectors . . . ." *Brown v. Card Service Center*, 464 F.3d 450, 453 (3d Cir. 2006). Because the FDCPA is a remedial statute, it is construed liberally in favor of the debtor. *Id.*; *see*, *e.g.*, *Russell v. Absolute Collection Servs., Inc*., 763 F.3d 385, 393 (4th Cir. 2014) (citing *Atchison, Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 561-62 (1987)) (recognizing the canon of statutory interpretation that remedial statutes are to be construed liberally)); *Glover v. F.D.I.C.*, 698 F.3d 139, 149 (3d Cir. 2012); *Hamilton v. United Healthcare of La.*, 310 F.3d 385, 392 (5th Cir. 2002).

Section 1692e of 15 U.S.C. provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692f of the same Title states, in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." To establish a claim under the FDCPA, "a plaintiff must prove that: '(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" *Boosahda v. Providence Dane LLC,* 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (per curiam) (quoting *Ruggia v. Wash. Mut.,* 719 F. Supp. 2d 642, 647 (E.D. Va. 2010)); *see Stewart v. Bierman,* 859 F. Supp. 2d 754 (D. Md. 2012), *aff'd sub nom. Lembach v. Bierman,* 528 F. App'x 297 (4th Cir. 2013) (per curiam).

As indicated, BOA argues that plaintiff has not alleged the necessary elements of an FDCPA claim and that any FDCPA claim against it fails because it is not a debt collector pursuant to the definition set forth 15 U.S.C. § 1692a(6).

The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, *directly or indirectly, debts owed or due or asserted to be owed or due another*." 15 U.S.C. § 1692a(6) (emphasis added); *see Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1208-09 (9th Cir. 2013); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000). The original creditor is not a debt collector. *Carter v. AMC, LLC*, 645 F.3d 840, 843 (7th Cir. 2011).

A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Generally, entities servicing or collecting a debt they were assigned before default are considered "creditors" under the Act.

 "The structure of the Act suggests" that an entity receiving or attempting to collect money due on a debt "must be one or the other," that is, either a debt collector or a creditor. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 538 (7th Cir. 2003). Creditors and debtors are generally "mutually exclusive" categories under the FDCPA. *Schlosser*, 323 F.3d at 536; *see F.T.C. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007) ("[A]s to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive."); *accord, e.g., Bradford v. HSBC Mortgage Corp.*, 829 F. Supp. 2d 340, 348 (E.D. Va. 2011).

The definition of "debt collector" under the FDCPA does not include an entity that is "collecting or attempting to collect any debt . . . to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. §

1692a(6)(F). Moreover, "[a]n entity that tries to collect a debt on its own behalf is not a debt collector under the FDCPA." *Fontell v. Hassett*, No. 10-CV-01472-AW, 2012 WL 1409390, at *4 (D. Md. Apr. 20, 2012) (citing *Betskoff v. Enterprise Rent A Car Co. of Balt.,* ELH–11–2333, 2012 WL 32575, at *5 (D. Md. Jan. 4, 2012)); *see, e.g.*, *Carter*, 645 F.3d at 842 ("An entity that tries to collect money owed to itself is outside the FDCPA."). *Aubert v. American General Finance, Inc.,* 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection...are not subject to the Act."); *Kennedy v. Lendmark Fin. Servs.,* Civ. No. RDB–10–2667, 2011 WL 4351534, at *3 (D. Md. Sept. 15, 2011) ("The FDCPA does not . . . apply to creditors collecting debts in their own names and whose primary business is not debt collection.").

In my view, Bailey has not alleged the necessary elements of an FDCPA claim. Bailey asserts that, as a result of defendants' failure to approve him for an equity loan, he has fallen behind on several bills, resulting in calls from debt collection services. ECF 3 at 5-6. But, Bailey has not alleged that BOA took any action to collect a debt. And, even if Bailey has somehow alleged that BOA has collected a debt from him, he has not set forth any allegations that BOA collected a debt on behalf of a third party and thus qualifies as a debt collector under 15 U.S.C. § 1692a(6). *See Jackson*, 2014 WL 794360, at *2 (dismissing FDCPA claim where plaintiff did not allege that defendant was a debt collector covered by the FDCPA or that defendant took any action to collect a debt.)

## V. Conclusion

For the reasons stated above, I shall DISMISS plaintiff's Complaint as to Seterus, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and Local Rule 103.8, for failure to serve process upon Seterus.

And, I shall GRANT BOA's Motion to Dismiss.  ECF 18.  However, dismissal shall be without prejudice, because "[d]ismissing a claim with prejudice for failure to comply with Rule 8(a)" is "an extreme sanction"  that "tends to undermine one of the policies of the Federal Rules of Civil Procedure: facilitating a decision on the merits rather than on pleading technicalities." *McGuirt*, 114 F. App'x at 559.

Plaintiff shall be afforded 21 days from the entry of this Order to file an amended complaint.  If the suit is not amended by that date, the Clerk shall be directed to CLOSE the case.

An Order follows.


Date: April 7, 2017                         _____/s/_____

                                            Ellen Lipton Hollander
                                            United States District Judge